UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DR. GERALD R. FINKEL, as Chairman
of the Joint Industrial Board of the Electrical
Industry,

                  Petitioner,                        **OPINION & ORDER**

  - against -                                    22-cv-4299 (NG)

THORN ELECTRIC, INC.,

                  Respondent.

-------------------------------------------------------x
**GERSHON, United States District Judge:**

       Petitioner Dr. Gerald Finkel, as Chairman of the Joint Industry Board of the Electrical Industry ("JIB"), commenced this action pursuant to Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, to confirm and enforce an arbitration award entered in favor of petitioner against respondent Thorn Electric, Inc. Respondent has not appeared in this action. Before the court is petitioner's unopposed motion for summary judgment seeking confirmation of the arbitration award of $407,842.59, plus interest from the date of the award through the date of judgment. Petitioner further seeks reasonable attorneys' fees and costs for bringing this action. Respondent has failed to abide by the award, the award has not been vacated or modified, and no application for such relief is currently pending. For the reasons set forth below, petitioner's motion is granted.

**I.    Background**

       The JIB is the administrator and fiduciary of various employee benefit multi-employer plans established and maintained pursuant to a collective bargaining agreement ("CBA") between

Local Union No. 3 of the International Brotherhood of Electrical Workers, AFLI-CIO (the "Union") and certain employer associations and employers in the electrical and other related industries. Respondent is a corporation incorporated under the laws of the State of New York, and at all relevant times, was an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of Section 501 of the LMRA, 29 U.S.C. § 142.

Pursuant to the CBA, JIB is to receive directly from each signatory employer a weekly remittance consisting of contributions to each of the ERISA plans, as well as a Union assessment collected by the signatory employer from each Union member. Also pursuant to the CBA, each employer is required to remit to the Deferred Salary Plan ("DSP") a specified percentage of the weekly wage of each eligible employee, plus any additional salary deferrals made at the election of the employee ("Employee Contributions"). Employers are also required to remit employer contributions to the DSP on behalf of all covered employees ("Employer Contributions").[1] Additionally, when applicable, JIB collects employee loan payments due to the Union and certain plans and contributions to fund the operation of JIB (the "Non-ERISA Contributions"). Each employer's contributions to the ERISA plans, the Union assessment remittances, and the non-ERISA plan contributions are collectively known as the "JIB Contributions." The JIB Contributions, together with the DSP Contributions, are "Required Contributions" under the CBA.

The CBA requires respondent to make the Required Contributions for all work within the trade and geographical jurisdiction of the Union and to submit weekly payroll reports providing

---

[1] Employee Contributions and Employer Contributions to the DSP are collectively referred to as "DSP Contributions."

the name, gross wage, and hours worked for each worker employed by the company and on whose behalf the Required Contributions are made.

The JIB has established a Collection Policy for the collection of delinquent contributions. Furthermore, in the event of a dispute concerning an employer's obligations, the CBA has established Arbitration Procedures. Those procedures provide that an arbitrator shall have jurisdiction to determine any dispute between "JIB against an Employer, related to the Employer's obligation to contribute to the Funds,[2] including but not limited to Audits, Delinquencies, interest, liquidated damages, attorneys' fees and costs." (Petition ¶ 23). Additionally, the Arbitration Procedures provide that if the arbitrator finds in whole or in part for JIB, the employer shall be liable for the arbitrator's fees and JIB's attorneys' fees and costs.

A dispute arose between the parties when respondent failed to remit: (1) JIB Contributions owed for payroll weeks ending December 15, 2021 through February 9, 2022; and (2) DSP Contributions owed for payroll weeks ending December 15, 2021 through February 9, 2021. (Petition ¶ 25). Petitioner initiated arbitration before the designated arbitrator, Stephen F. O'Beirne, Esq. Respondent did not appear. The arbitrator issued an arbitration award, dated June 27, 2022, finding that respondent was in violation of the terms of the CBA and ordering respondent to pay the Funds the sum of $407,842.59, consisting of: (1) JIB Contributions of $247,137.24; (2) interest thereon of $1,079.84; (3) DSP contributions of $78,296.63; (4) interest thereon of $1,102.79; (5) additional interest of $6,603.73; (6) additional shortages of $3,070.37, plus interest thereon of $51.14; (7) liquidated damages of $65,700.85; and (8) attorneys' fees, arbitration fees, and administrative costs of $4,800.

---

[2] The petitioner is sometimes referred to as the "Funds" in the petition and supporting exhibits.

Respondent has failed to abide by the award; the award has not been vacated or modified; and there is no application for such relief currently pending. Petitioner now seeks summary judgment: (1) confirming the arbitration award; (2) awarding judgment in favor of petitioner and against respondent in the amount of $407,842.59 pursuant to the award, plus interest from the date of the award through the date of judgment; and (3) awarding judgment in favor of the petitioner and against respondent in the amount of $825 in attorneys' fees and costs arising from this action.

## II. Standard

"Because '[a]rbitration awards are not self-enforcing,' they must be given force and effect by being converted to judicial orders by courts; these orders can confirm and/or vacate the award, either in whole or in part." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) (quoting *Hoeft v. MVL Group, Inc.*, 343 F.3d 57, 63 (2d Cir. 2003)). 29 U.S.C. § 185 confers jurisdiction on federal district courts over petitions to confirm labor arbitration awards. *See Local 802, Associated Musicians v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998).

In an unopposed summary judgment motion such as this, a court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented*." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (emphasis in original).

4

### III. Discussion

Petitioner has established that respondent is bound by the CBA in this matter.[3] The CBA, in turn, binds respondent to the Collection Policy and Arbitration Procedures. As noted above, the Arbitration Procedures provide that the arbitrator shall have jurisdiction to determine any disputes between the "JIB against an Employer, related to an Employer's obligation to contribute to the Funds, including but not limited to Audits, Delinquencies, interest, liquidated damages, and attorneys' fees and costs." The Arbitration Procedures further specify that the failure of any party properly noticed to appear at a hearing "shall in no way limit the Neutral Arbitrator's authority to hear Disputes and render a fully binding ruling on all parties." Petitioner established that respondent had notice of the arbitration and failed to appear. In accordance with the Arbitration Procedures, the arbitration proceeded, and the arbitrator rendered an award. Petitioner timely applied to this court for confirmation of the award, and respondent, which was properly served, has failed to appear in this proceeding. Petitioner has thus established that there remains no genuine issue of material fact for trial.

The only question remaining, then, is whether petitioner has provided adequate support for the damages he seeks. "It is well established that courts must grant an [arbitrator's] decision great deference." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). When an arbitrator's award provides the basis for a party's claim to damages, the Second Circuit has stated:

> [C]onfirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected. The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case.

---

[3] Petitioner specified that respondent agreed to be bound by the April 10, 2019 through April 13, 2022 collective bargaining agreement.

5

*D.H. Blair*, 462 F.3d at 110 (internal quotation marks and citations omitted). Therefore, since nothing indicates that the award has been "vacated, modified, or corrected," *id.*, I need only confirm that the arbitrator had "some grounds on which to grant the damages spelled out in the Award." *Trs. of the Local 807 Labor Mgmt. Health Fund v. Express Haulage Co.*, 2008 WL 4693533, at *5 (E.D.N.Y. 2008).

The CBA in this matter provides that an employer shall be liable for "the remedies under Section 502(g)(2) of ERISA, including liquidated damages of 20%, in the event of entry of judgment against the Employer in an action to collect delinquent contributions." Nothing in the record indicates that the arbitrator lacked a basis to award petitioner the sums he did, or that he "otherwise acted arbitrarily, in excess of his power, or contrary to law." *Trs. of N.Y. City Dist. Council of Carpenters Pension Fund v. Ferran Dev. Corp.*, 2013 WL 2350484, at *4 (S.D.N.Y. May 30, 2013), *report and recommendation adopted sub nom. Trs. of the N.Y. Council of Carpenters Pension Fund v. Ferran Dev. Corp.*, 2013 WL 12109396 (S.D.N.Y. June 24, 2013). Petitioner has thus established that he is entitled to summary judgment and the award is therefore confirmed.

The petition also requests interest from the date of the award through the date of judgment. Although granting prejudgment interest is within the discretion of the district court, within the Second Circuit there is a "presumption in favor of prejudgment interest" where the arbitration agreement states that an arbitration decision is "final and binding." *Local 355 United Serv. Workers Union v. Certified Climate Control Sys., Inc.*, 2016 WL 806074, at *11 (E.D.N.Y. Feb. 10, 2016), *report and recommendation adopted*, 2016 WL 843290 (E.D.N.Y. Mar. 1, 2016). Here, the Arbitration Procedures state that the arbitrator's award is final and binding; therefore prejudgment interest is warranted.

The petition does not specify the appropriate prejudgment interest rate. The Collection Policy, however, specifies that "[i]nterest shall be calculated at the rate set forth in Section 6621 of the Internal Revenue Code" and that "[i]nterest shall also be due on interest that has been billed and is overdue." Accordingly, the Clerk of Court is (1) directed to calculate prejudgment interest on the arbitrator's award, totaling $407,842.59, from June 27, 2022 to the date of this court's judgment, and is (2) instructed to refer to Section 6621 of the Internal Revenue Code to determine the requisite interest rate. *See Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds v. Tri-State Acoustics Corp.*, 2014 WL 4537481, at *7 (E.D.N.Y. Sept. 11, 2014) (providing prejudgment interest on arbitrator's entire award, including that portion representing interest).

### III. Attorneys' Fees

Petitioner also seeks attorneys' fees and costs arising from the prosecution of this action. The CBA provides that the employer shall be liable for, among other things, reasonable attorneys' fees and costs in the event of entry of judgment against the employer in an action to collect delinquent contributions. Moreover, when a court is asked to confirm an arbitration award, "the guiding principle has been stated as follows: when a challenger refuses to abide by an arbitrator's decision without justification, attorneys' fees and costs may properly be awarded," under the court's equitable powers. *International Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) (internal quotation marks and citations omitted); *Trs. of Ne. Carpenters Health, Pension, Annuity, Apprenticeship, & Labor Mgmt. Cooperation Funds v. CEI Contractors, Inc.*, 2019 WL 117603, at *4 (E.D.N.Y. Jan. 7, 2019). Since respondent has not appeared in this action or in the underlying arbitration proceedings, fees and costs are warranted.

Petitioner seeks to recover $477 in costs and $348 for attorneys' fees for 1.2 hours of work on this matter. Courts in the Second Circuit are to determine the "presumptively reasonable fee" for an attorney's services by considering what a reasonable client would be willing to pay. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany and Albany Cnty. Bd. of Elections*, 522 F.3d 182, 183–84 (2d Cir. 2008). That requires first determining what the reasonable hourly rate is for the services that were performed. *Id.* The attorneys' years of experience, the nature of the matter—a relatively simple petition to confirm an arbitration award—and the court's experience dealing with similar claims, guide the court's analysis. *See Trs. of the Local 807 Labor Mgmt. Health Fund*, 2008 WL 4693533, at *10. Here, the rates put forth by petitioner's counsel, as well as the amount of time expended on this matter, are both reasonable. I therefore award petitioner $348 in attorneys' fees.

Petitioner is also entitled to costs, and he requests to be reimbursed $477 for the filing and service fees. The party requesting reimbursement of its costs, however, must provide the court with adequate documentation "not only showing such costs were incurred, but that they were paid." *Markey v. Lapolla Indus., Inc.*, 2017 WL 9512407, at *8 (E.D.N.Y. Aug. 24, 2017), *report and recommendation adopted*, 2017 WL 4271560 (E.D.N.Y. Sept. 26, 2017). Petitioner has submitted the total amount of costs, but no documentation proving that they were paid. I therefore award petitioner only $402 for the court's filing fee, since the receipt is on the court's docket. In sum, petitioner is awarded $750 in attorneys' fees and costs.

**IV.   Conclusion**

Petitioner's unopposed motion for summary judgment confirming the arbitration award in the amount of $407,842.59 is granted, and petitioner's request for prejudgment interest is also granted, as set forth above. Finally, petitioner is awarded attorneys' fees and costs for bringing this action in the amount of $750. The Clerk of Court is directed to enter judgment accordingly.

**SO ORDERED.**

_____/s/_____
**NINA GERSHON**
**United States District Judge**

**March 21, 2023**
**Brooklyn, New York**